# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § § § | |
| Petitioner, | § § | |
| v. | § § | Civil Action No. 4:16-cv-00752-O-BP |
| **RONALD CONNER,** | § § § | |
| Respondent. | § § § | |

## CERTIFICATION OF CONTEMPT

Before the Court is Petitioner's Motion for Entry of Order of Contempt and for Issuance of Arrest Warrant (ECF No. 17), filed on May 1, 2017. Petitioner alleges that Respondent has failed to comply with the Order of this Court entered on March 27, 2017. ECF No. 16. The undersigned issues this Certification pursuant to 28 U.S.C. § 636(e)(6) for the purposes of United States District Judge Reed O'Connor conducting a hearing requiring the Respondent to show cause why he should not be found in civil contempt of court.

### I. LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(e), magistrate judges are authorized to exercise contempt authority in certain limited circumstances, including civil contempt authority in misdemeanor cases and cases where the magistrate judge presides with the consent of the parties. 28 U.S.C. § 636(e)(3), (6). In all other instances in which a party's actions constitute contempt:

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the

> facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6).

Three elements must be established before a party can be held in civil contempt: "(1) a court order was in effect, (2) the order required specified conduct by the respondent, and (3) the respondent failed to comply with the court's order." *United States v. City of Jackson, Miss.*, 359 F.3d 727, 731 (5th Cir. 2004).

## II.     CERTIFICATION OF FACTS

For purposes of this certification, the undersigned certifies the following facts:

The United States of America, on behalf of the Internal Revenue Service (IRS), filed its Petition to Enforce IRS Summons on August 12, 2016 seeking the Court to require Respondent Ronald D. Conner ("Conner") to produce documents and to appear and give testimony. ECF No. 1. After review of the Petition, the Court issued an Order to Show Cause, requiring Conner to appear before the Court on January 23, 2017 and show cause why he failed to comply with and obey the IRS Summons that was served on him on January 14, 2016. ECF No. 5. Conner failed to appear at the January 23, 2017 show cause hearing. ECF No. 7.

Judge O'Connor entered another Order to Show Cause requiring Conner to appear before the Court on February 6, 2017 to show cause why he had not complied with the Court's November 29, 2016 Order to Show Cause. ECF No. 8. The show cause hearing set for February 6, 2017 was continued until March 20, 2017 upon motion of the Petitioner. ECF No. 10. Conner failed to appear at the show cause hearing on March 20, 2017. ECF No. 12.

2

Following Conner's failure to appear on March 20, 2017, the Court entered an Order on March 22, 2017 holding Conner in civil contempt of court for failing to appear, and ordered that Conner be taken into custody and remain in custody until he had been produced before the nearest available magistrate judge and had purged himself of contempt. ECF No. 13. Conner appeared before Judge O'Connor on March 27, 2017, where he was released from custody and ordered to meet with the IRS and produce the requested documents by April 10, 2017. ECF No. 16.

After the meeting between the IRS and Conner that took place on April 10, 2017, the Petitioner filed the current Motion for Entry of Order of Contempt and for Issuance of Arrest Warrant. ECF No. 17. Petitioner alleges that although Conner met with agents of the IRS on April 10, 2017 as previously ordered, he failed to produce all of the documents the Court ordered that he produce and provide the needed testimony that the Court ordered. ECF No. 17. To address this Motion (ECF No. 17), the undersigned entered an Order requiring both parties to appear before the Court on May 18, 2017 and required that Conner produce the documents requested by the Petitioner in the Summons and Petition for the IRS to review. ECF No. 18. Present at the hearing held on May 18, 2017, in front of the undersigned, were Mattie Peterson Compton on behalf of the Petitioner and Ronald Conner appearing *pro se*. ECF No. 24. The transcript of the May 18, 2017 hearing in its entirety has been filed as ECF No. 24. At the conclusion of the May 18, 2017 hearing, the undersigned ordered that the parties meet in person on June 7, 2017 at 9:00 am at the office of Revenue Officer Scott Hamilton in Dallas, Texas. ECF No. 22. The undersigned ordered that at the June 7, 2017 meeting, Conner produce the documents and provide the oral testimony needed to fully complete the Form 433-A Collection Information Statement concerning the 2015 calendar tax year. *Id.* Conner was also ordered to provide the Petitioner with written authorization to obtain documents no longer in Conner's possession, but under his control. *Id.* Pending the results of the

June 7, 2017 meeting, the undersigned continued the hearing on Petitioner's Motion for Entry of Order of Contempt and for Issuance of Arrest Warrant (ECF No. 17), until June 8, 2017 at 2:00 pm.

The hearing on Petitioner's Motion for Entry of Order of Contempt and for Issuance of Arrest Warrant (ECF No. 17) resumed on June 8, 2017. Conner appeared at the hearing *pro se* while Mattie Peterson Compton appeared on behalf of the Petitioner. Revenue Officer Scott Hamilton testified that he met with Conner on June 7, 2017. Officer Hamilton further testified that Conner did not produce any of the documents ordered by the Court for Conner to produce nor did Conner provide Officer Hamilton with written authorizations or testimony as previously ordered by the Court. ECF No. 22. In support of his position, Conner urged the Court to consider the documents he had filed with the Court on June 5, 2017 as ECF No. 25. The Court considered such documents. Upon request by Petitioner's counsel, the Court took judicial notice of the notice of dismissal from the United States Tax Court. ECF No. 25 at 2-3.

Based on the evidence presented and arguments of counsel and Conner, the undersigned finds that Conner failed to comply with the Court's Orders dated March 27, 2017 (ECF No. 16) and May 18, 2017 (ECF No. 22).

**III.   CONCLUSION**

Based on the foregoing, the undersigned RECOMMENDS that Judge O'Connor conduct a hearing once Ronald Conner is arrested, or at such other times as set by Judge O'Connor, to hear evidence as to why Ronald Conner should not be found in contempt of court for failing to comply with this Court's Orders (ECF Nos. 16, 22) pursuant to 28 U.S.C. § 636(e)(6).

A copy of this findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this findings, conclusions, and

recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed June 8, 2017.

_Hal R. Ray, Jr._
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE