# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § § | |
| Petitioner, | § | |
| v. | § § | Civil Action No. 4:16-cv-00752-O-BP |
| RONALD CONNER, | § § § | |
| Respondent. | § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Respondent's Motion to Vacate Contempt Order and Response to Court's Order Dated August 31, 2017 (ECF No. 62), filed on September 7, 2017, and United States of America's Response in Objection (ECF No. 65), filed on September 8, 2017. After considering the pleadings of the parties and the applicable legal authorities, and hearing the arguments of counsel at the hearing on September 11, 2017, the undersigned recommends that United States District Judge Reed O'Connor **DENY** Respondent's Motion.

In accordance with the Court's Order dated July 27, 2017 (ECF No. 43), the undersigned held a hearing on September 11, 2017 concerning the status of incarceration of the Respondent and whether he has purged himself of contempt of the Court, which was the subject of the Court's Order dated June 30, 2017 entered by Judge O'Connor (ECF No. 34), or was prepared to purge himself of contempt at the hearing. The Court also considered the pending Respondent's Motion to Vacate Contempt Order and Petitioner's Response in Objection referenced above. Present at the hearing were counsel for the Petitioner, Mattie Compton, Assistant United States Attorney; a representative of the Internal Revenue Service; Respondent Ronald Conner; and counsel for Respondent, Michael Lehmann and Christopher Curtis, Assistant Federal Public Defenders.

Petitioner has previously reported to the Court that Respondent has not purged himself of contempt. *See* Reports to the Court dated July 7, 14, 21, and 28; August 4, 11, 18, and 25; and September 1 and 8, 2017 (ECF Nos. 37, 38, 41, 45, 48, 51, 54, 58, 60, and 64). Counsel for Petitioner represented to the Court at the hearing on September 11, 2017, that Respondent had not purged himself of contempt as of the date and time of the hearing.

Counsel for Respondent reported to the Court that Respondent was not prepared to comply with the Court's Order dated August 31, 2017 (ECF No. 59), that ordered Respondent, as provided in *United States v. Batton*, to (1) produce all remaining responsive documents in his possession or control; (2) provide all non-privileged testimony requested; (3) file a written response to each item requested in the summons that lists his previous production and subsequent efforts to tender the remaining documents; and (4) specifically identify reasons why he has been unable to obtain particular requested documents or furnish testimony. 287 Fed. Appx. 414, 415 (5th Cir. 2008). Consequently, the undersigned finds that Respondent failed to comply with the Court's Order dated August 31, 2017 (ECF No. 59).

The undersigned further finds that Respondent has not purged himself of contempt, as of the date of this Findings, Conclusions, and Recommendation, by providing the oral testimony needed to fully complete the Form 433-A Collection Information Statement concerning the 2015 calendar tax year that was received in evidence as Plaintiff's Exhibit 1 at the May 18, 2017 hearing in this matter, and by producing the documents summoned by the Petitioner in this case. The Court does find that Respondent has provided written authorization in the form provided by the Petitioner so that it may obtain responsive documents no longer in Respondent's possession, but under his control. However, Respondent continues to refuse to provide oral testimony in connection with the Summons at issue.

Respondent urges the Court to vacate its contempt order because he claims that it is impossible to complete the steps necessary to purge himself of contempt and because "assuming, arguendo, that it were possible, there is no longer a substantial likelihood or realistic possibility that continued confinement will compel testimony. Accordingly, because the order of civil commitment for contempt no longer has any coercive impact, it has become primarily punitive." ECF No. 62 at 4. Though he offers no evidentiary support, Respondent claims that he cannot purge himself of contempt of the Court and cannot comply with the Court's Order dated August 31, 2017 (ECF No. 59). Respondent claims that because he is incarcerated he cannot produce any documents responsive to the Petitioner's Summons. *Id.* at 2. However, Respondent has offered no evidence to show why he could not direct his counsel, a friend, a relative, or other person to the location of documents that are responsive to the Petitioner's Summons and deliver those documents to either the Petitioner or to Respondent.

Respondent claims that he cannot provide testimony because he cannot determine whether he might have the right to assert an objection or privilege in response to a particular question. *Id.* But Respondent has not offered to make himself available to answer questions that are not objectionable or subject to claim of privilege and continues to refuse to provide any sworn testimony despite express orders of the Court to do so.

Respondent claims that he cannot explain to the Court his previous and subsequent efforts to produce documents responsive to Petitioner's Summons other than providing the "Consent to Release of Financial Information" tendered to Petitioner and received in evidence at the hearing before the Court on August 18, 2017. As previously discussed in the Court's Order dated August 31, 2017 (ECF No. 59), delivery of the consent form without providing oral testimony as required by the Summons does not provide Petitioner with the information that it is allowed under the law and does not purge Respondent of contempt of the Court.

3

Finally, Respondent again claims impossibility in specifying why he has been unable to produce the requested documents or furnish testimony, at least as to efforts made after his incarceration. He purports to invoke his Fifth Amendment right against self-incrimination as to efforts made prior to his incarceration, although it does not appear that his Fifth Amendment privilege generally could be asserted in such a blanket fashion. *See United States v. Davis*, 636 F.2d 1028, 1044 n.20 (5th Cir. 1981). Respondent has not identified any particular documents or any specific testimony to which his Fifth Amendment privilege would apply and has provided no evidence to support his blanket assertion of his Fifth Amendment privilege. Nor has Respondent explained why he refuses to produce documents and provide testimony that would not be subject to objection or the assertion of privilege.

Respondent concludes his Motion to Vacate by arguing that even if he could purge his contempt, "there is no longer a substantial likelihood or realistic possibility that continued confinement will compel testimony." ECF No. 62 at 4. For that reason he asserts that further incarceration will not serve to secure compliance with the Court's previous orders, but instead will be primarily punitive. Because Respondent could easily purge himself of contempt, Petitioner argues, "it is too early to much such a determination." ECF No. 65 at 6. The undersigned cannot conclude on the record and state of the evidence that further incarceration of Respondent would have no coercive effect on his future compliance with the Court's Order. It simply appears that Respondent has the ability to purge himself of contempt and may choose to do so someday, just not at this time.

The Court concluded at the hearing on September 11, 2017, that Respondent had not purged himself of contempt or was willing to purge himself of contempt at the hearing. As a result, the Court **ORDERED** that Respondent Ronald Conner be **REMANDED** to the custody of the United States Marshal in accordance with the Court's Order dated June 30, 2017 entered by United

4

States District Judge Reed O'Connor (ECF No. 34) until he purges his contempt in accordance with such Order.

Because Respondent Ronald Conner could purge himself of contempt of the Court if he chooses to do so, and because continuing Respondent's incarceration for his failure to comply with Judge O'Connor's Order dated June 30, 2017 would be to secure Respondent's compliance with the Court's Order and not be punitive only, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** Respondent's Motion to Vacate Contempt Order and Response to Court's Order Dated August 31, 2017 (ECF No. 62).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

It is so **ORDERED** on September 14, 2017.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE