IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 4:16-cv-00752-O-BP |
| RONALD CONNER, | § § § | |
| Respondent. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge issued a Finding, Conclusions, and Recommendations (the "FCR") (ECF No. 68), filed September 14, 2017 in this case. The FCR recommended that this Court deny Respondent's Motion to Vacate Contempt Order and Response to Court's Order Dated August 31, 2017 (ECF No. 62). Conner ("Respondent") filed objections. *See* Resp.'s Obj., ECF No. 78. The Court has conducted a de novo review of those portions of the FCR to which an objection was made. For the following reasons, Respondent's objections are overruled, and the FCR is **ADOPTED** as the findings and conclusions of the Court. Accordingly, it is **ORDERED** that Respondent's Motion to Vacate Contempt Order (ECF No. 62) is **DENIED**.

**I.  BACKGROUND**

On August 31, 2017, the Court laid out four steps for Respondent to purge his contempt, according to *United States v. Batton*. 287 Fed. Appx. 414, 415 (5th Cir. 2008). The Order required Respondent to: (1) produce all remaining responsive documents in his possession or control; (2) provide all non-privileged testimony requested; (3) file a written response to each item requested in the summons that lists his previous production and subsequent efforts to tender the remaining

documents; and (4) specifically identify reasons why he has been unable to obtain particular requested documents or furnish testimony. *Batton*, 287 Fed. Appx. 414, 415 (5th Cir. 2008); Order Aug. 31, 2017, 2, ECF No. 59. Respondent offered written authorization in order for Petitioner to obtain documents no longer in Respondent's possession, but under his control. FCR 2, ECF No. 68. As he refused to provide the oral testimony needed to complete the Form 433-A Collection Information Statement, the Magistrate Judge found that he had not complied with the Court's August 31, 2017 Order (ECF No. 59).

## II. ANALYSIS

Respondent offers several objections to the FCR but they can be generally grouped into two objections. First, Respondent claims that due to the length of time he has been confined, the civil contempt order has turned into a criminal penalty. Resp.'s Obj. 3, ECF No. 78. Respondent objects to the Magistrate's findings that continued incarceration will have a coercive effect. *Id.* at 8. Respondent argues that he has done all he can and it is impossible while incarcerated to comply any further. *Id.* Second, Respondent argues that he has satisfied the contempt order and any further attempts to require him to answer would violate his Fifth Amendment right against self-incrimination. *Id*. at 6–8.

Respondent's first objection is that the length of time he has been confined has turned the civil contempt order into a criminal penalty. Resp.'s Obj. 3, ECF No. 78. When it becomes a "substantial likelihood" or "realistic possibility" that continued confinement will no longer compel testimony, the civil penalty has become a criminal penalty. *Lambert v. Montana*, 545 F.2d 87, 90 (9th Cir. 1976) (substantial likelihood standard); *In re Grand Jury Proceedings*, 862 F2d 430 (2d Cir. 1988) (realistic possibility standard); *see also Shillitani v. United States*, 384 U.S. 364 (1966). Yet, in the First Circuit a seventeen month confinement for civil contempt was not criminal in

2

nature. *United States v. Marquardo*, 149 F.3d 36, 40 (1st Cir. 1998). As long as detention seeks "curative result of compliance with court order," courts are hesitant to find civil confinement has become criminal in nature. *Id.* Respondent's objections are overruled.

Respondent's second objection[1] is that there is no longer a substantial likelihood or realistic possibility that continued confinement will compel testimony. Resp.'s Mot. Vacate Contempt Order 4, ECF No. 4; Resp.'s Obj. 8, ECF No. 78. At this time, the Court agrees with the FCR's conclusions that "Respondent has the ability to purge himself of contempt and may choose to do so someday, just not at this time." FCR 4, ECF No. 68. Petitioner suggested that if Respondent was able to fill out a Form 433-A Collection Information Sheet, taken with the release he tendered, it would be able to collect the necessary documents. Pet.'s Resp. Mot. Vacate Order 2, ECF No. 65. Alternatively, if Respondent objected to giving Petitioner access to his documents, it is possible that he could deputize his attorney or a family member or friend to produce the necessary documents.

Respondent also objected that any further testimony would violate his Fifth Amendment right against self-incrimination. Resp.'s Obj. 6–8, ECF No. 78. The Court's August 31, 2017 Order (ECF No. 59) held that delivery of the consent form without oral testimony as required by the Summons does not purge Respondent of contempt of the Court. FCR 3, ECF No. 68. Respondent argues that requiring him to testify without knowledge of what he will be asked will violate his Fifth Amendment rights. But the Fifth Circuit has held that the Fifth Amendment privilege cannot be asserted in such a blanket fashion. *See United States v. Davis*, 636 F.2d 1028, 1044 n.20 (5th Cir. 1981).

---

[1] Respondent also claims a violation of his Eighth Amendment right forbidding cruel and unusual punishment, but he admits that the Supreme Court held that the Eighth Amendment does not apply to civil contempt proceedings. *See Uphaus v. Wyman*, 360 U.S. 72, 79 (1959); and *Spallone v. United States*, 487 U.S. 1251, 1257 (1988). This Court is bound by those decisions.

3

Respondent further argues that as he is likely exposed to criminal liability under 18 U.S.C. § 402, any questioning would expose him to further liability. Resp.'s Obj. 8, ECF No. 78. No charges have been brought against Respondent under 18 U.S.C. § 402. Section 402 addresses criminal contempt of court, which requires a person to disobey an order of the court that also violates a criminal statute. 18 U.S.C. § 402. Respondent is held according to the power of the Court to require a response to its Order. The Supreme Court in *Shillitani* found that the differences between civil and criminal contempt lie in the purpose and character of the punishment. *Shillitani v. United States*, 384 U.S. 364, 369 (1966). At this time, Respondent is being held by the Court in civil contempt, the "keys of [his] prison in [his] own pocket." *Id.* Respondent's objection is overruled.

## III.    CONCLUSION

For the foregoing reasons, Respondent's objections are **OVERRULED**, and the FCR is **ADOPTED** as the findings and conclusions of the Court. Accordingly, it is **ORDERED** that Respondent's Motion to Vacate Contempt Order (ECF No. 62) is **DENIED**.

**SO ORDERED** on this **17th day** of **October, 2017**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

4